The Honorable Ron Fuller State Representative #18 Corporate Hill Drive Suite 201 Little Rock, AR 72205
Dear Representative Fuller:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyists and State Officials". You ask three questions which I will restate, then answer, in the order presented.
1. If an advertising agency which is owned by a legislator receives a fee for work from a business or association regulated by the State of Arkansas, does it have to disclose clients even though the legislator does not draw a salary from the company he owns?
I believe that the answer to this question is "no".
Section 21-8-701 requires public officials to disclose certain business relationships, among them:
 (i) Any public official who is employed by any business which is under direct regulation or subject to direct control by the governmental body which he serves shall set out such employment and the fact that the business is regulated by or subject to the control of the governmental body on the statement of financial interest.
This office has previously opined that a legislator is not a member of a governmental body which exercises direct regulatory authority or direct control over any business or association within the meaning of Initiated Act 1. Attorney General Opinion No. 89-E-6. Therefore, a legislator in the circumstances which you described would not be required to disclose the information contemplated above.
2. Is a legislator who manages a financial portfolio which consists of municipal bonds, stocks and cash management accounts required to disclose the individual names of the various stocks, bonds, etc., or may he report only the fact that the portfolio made in excess of the financial requirements set forth in the disclosure form?
Section 21-8-701(c) requires disclosure of:
 The name of every business in which the public official and his or her spouse, or any other person for the use or benefit of the public official or his or her spouse, have an investment or holdings of over one thousand dollars ($1,000.00) at fair market value as of the date of the statement, and in addition thereto, shall identify each source as described above which has a fair market value of over twelve thousand five hundred dollars ($12,500.00) on the date of the statement.
The above quoted provision clearly states that the name of every business in which a legislator or his or her spouse has an investment shall be disclosed. It is the level of investment that triggers this provision, not the amount of income generated by the portfolio. Therefore, to the extent that a legislator invests in a business, as defined by the Act, the names of the company would be reportable only if the level of investment, not income generated, exceeds $1,000 or $12,500.
3. Is tax free income from municipal bonds, (cities, counties, etc.) as well as industrial development revenue bonds required to be reported on the financial disclosure form?
I believe that the answer to this question is "no".
Section 21-8-701(b) requires the "[i]dentification of each employer and of each other source of income amounting to more than one thousand dollars ($1,000.00) annually received by the person or his or her spouse in their names, or by any other person for the use or benefit of the public official or his or her spouse and a brief description of the nature of the services for which compensation was received".
This provision speaks of income which results from an employer-employee relationship or compensation for services rendered. Income generated by investments is not payment for services rendered, nor does it result from an employer-employee relationship. Therefore, it is my opinion that the Act does not require the disclosure of this type of investment income.